IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL STEVEN GORBEY,

    Plaintiff,

    v.                                                CASE NO. 22-3273-JWL-JPO

UNITED STATES OF AMERICA, et al.,

    Defendants.

### MEMORANDUM AND ORDER

Plaintiff, Michael Steven Gorbey, who is currently incarcerated at Thomson-AUSP in Thomson, Illinois, brings this pro se civil rights case. On October 24, 2022, the Court entered an Order (Doc. 4) denying Plaintiff's motion for leave to proceed in forma pauperis because he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court granted Plaintiff until November 25, 2022, to submit the $402.00 filing fee. This matter is before the Court on Plaintiff's Motion for Recusal of Judges Lungstrum and O'Hara (Doc. 5), Motion for Leave to Amend Complaint (Doc. 5), and Motion for Reconsideration (Doc. 6).

*Motion for Recusal (Doc. 5)*

Plaintiff seeks to have the undersigned and U.S. District Judge Lungstrum recuse because he has named both as defendants to this action. His claim is that "the hostile fed. Judges [are] abusing use of § 1915(g) as a categorical prohibitive financial barrier trying to immunize FBOP regional staff from suit error deny Gorbey ct. access forcing him to suffer damages." Doc. 1, at 2.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d

1

1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. While Plaintiff attaches what purports to be an affidavit, the "affidavit" was not signed under oath and does not show bias or prejudice or proper description of events indicating a personal and extrajudicial bias. The document merely repeats the statement quoted above. *See* Doc. 5, at 3. Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A

judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that Judge Lungstrum and the undersigned's application of 28 U.S.C. § 1915(g) implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper.  Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for recusal is denied.

*Motion for Leave to Amend Complaint (Doc. 5)*

Plaintiff seeks leave to supplement his complaint by adding to his original complaint.  However, he then attaches an amended complaint on the court-approved form (*see* Doc. 5-1).  This is proper because in order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.

Although Plaintiff does not need leave of court to file an amended complaint because this is his first amendment and because the complaint has not yet been served (*see* Fed. R. Civ. P. 15(a)(1)), the Court grants Plaintiff's motion and directs the clerk to file Doc. 5-1 as the First Amended Complaint.

*Motion for Reconsideration (Doc. 6)*

Plaintiff asks the Court to reconsider its order denying him leave to proceed in forma pauperis on the basis that the undersigned and Judge Lungstrum should recuse. He repeats his argument for recusal made in Document 5. Notably, Plaintiff does not provide any additional "specific, credible allegations of imminent danger of serious physical harm" to attempt to meet the exception to the "three-strikes" provision under 28 U.S.C. § 1915(g). *See Kinnel v. Graves,* 265 F.3d 1125, 1127-28 (10th Cir. 2001). Further, the Court has examined the Amended Complaint and finds no showing of imminent danger of serious physical injury. Plaintiff continues to make only conclusory statements that he is "suffering atypical significant hardships, irreparable harms & imminent dangers" and that the FBOP regional remedy clerks have been rejecting his complaints and "letting him suffer physical assaults & serious injuries" (Doc. 5-1, at 2). "[V]ague and utterly conclusory assertions," such as Plaintiff makes here, are insufficient to meet the exception. *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998).

Local Rule 7.3(b) permits a party to file a motion to reconsider based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. D. Kan. Rule 7.3(b). Plaintiff has not shown an intervening change in controlling law or an availability of new evidence.

The PLRA categorically prohibits three-strike litigants from bringing any civil action without prepayment of the filing fee. 28 U.S.C. § 1915(g); *see also Queen v. United States*, 2006 WL 3791321, at *2 (D. Kan. 2006) (explaining that the purpose of the PLRA's three-strikes rule is to curtail abusive prisoner litigation). The only exception is if the three-strike litigant is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added). If he cannot make this showing, then he cannot proceed without paying the filing fee. *See United States v. Ron*

5

*Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (explaining that when the statute's language is plain, the sole function of the courts is to enforce it according to its terms).

The Court finds that Plaintiff has failed to show: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice. *See* D. Kan. Rule 7.3(b). Therefore, reconsideration of the Court's October 24, 2022 Order at Document 4 is not warranted, and Plaintiff's motion is denied.

Plaintiff also includes in Document 6 a request for the appointment of "co-counsel" to assist him in arguing his motion. *See* Doc. 6, at 3. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately

presenting facts and arguments. The Court denies Plaintiff's request without prejudice to refiling if the case proceeds.

Last, Plaintiff includes in his motion a statement that if the motion for reconsideration and/or the motion for recusal is denied, he "hereby" notices his appeal. *See* Doc. 6, at 2-3. Because both motions are denied, the clerk is directed to file Document 6 as a Notice of Appeal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Recusal (Doc. 5) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 5) is **granted**. The clerk is directed to file Doc. 5-1 as the First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 25, 2022,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

The clerk is directed to file Doc. 6 as a Notice of Appeal.

**IT IS SO ORDERED**.

**Dated November 18, 2022, in Kansas City, Kansas.**

        **S/ James P. O'Hara**
        **JAMES P. O'HARA**
        **UNITED STATES MAGISTRATE JUDGE**