**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL STEVEN GORBEY,**

    **Plaintiff,**

    v.                                    **CASE NO. 22-3273-JWL-JPO**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

**O R D E R**

Plaintiff, Michael Steven Gorbey, is a federal prisoner being held at USP-Thomson in Thomson, Illinois. Plaintiff filed this pro se civil rights action on October 24, 2022, challenging the rejection of grievances submitted as emergency matters and challenging this Court's application of 28 U.S.C. § 1915(g) to him.

On October 25, 2022, the Court entered an order (Doc. 4; "three-strikes order") denying Plaintiff's motion to proceed in forma pauperis, finding he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until November 25, 2022, to submit the $402.00 filing fee.

On November 18, 2022, Plaintiff filed an interlocutory notice of appeal (Doc. 9). The notice of appeal is directed to the Court's order of November 18, 2022 (Doc. 7), in which the Court denied Plaintiff's motion for recusal and motion for reconsideration of the three-strikes order. The Court has considered the notice of interlocutory appeal and finds no grounds to certify it under 28 U.S.C. § 1292(b).

As stated in § 1292(b), the filing of an application for interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). There has been no order staying this matter, and Plaintiff has failed to pay the filing fee by the deadline set forth in the three-strikes order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with a court order.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

DATED: This 1st day of December, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE