IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL STEVEN GORBEY,**

    **Plaintiff,**

    v.                                                       **CASE NO. 22-3273-JWL-JPO**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

**O R D E R**

    This matter is a civil rights action filed by a prisoner in federal custody. By its order of October 25, 2022, the Court denied Plaintiff leave to proceed in forma pauperis and granted Plaintiff to and including November 25, 2022, to submit the filing fee. On November 18, 2022, Plaintiff filed an interlocutory appeal, which is pending. Plaintiff failed to pay the filing fee or meet the imminent danger exception, so this matter was dismissed without prejudice on December 1, 2022.

    Plaintiff has filed an objection (Doc. 14) to the order entered by Magistrate Judge O'Hara on November 18, 2022, denying Plaintiff's motion for recusal, granting his motion for leave to amend the complaint, denying his motion for reconsideration of the three-strikes order, and reiterating the deadline for Plaintiff to pay the filing fee. The Court finds that the rulings are reasonable and supported by the authority cited. While Plaintiff protests that he did not consent to the participation of a magistrate judge in this action, such consent is not required. Under 28 U.S.C. § 636(b), a federal judge may designate a magistrate judge to determine certain pretrial matters. *See also* D. Kan. R. 72.1.2(c) (allowing a magistrate judge to determine any pretrial, procedural,

or discovery motion)).  The motions decided by Magistrate Judge O'Hara were properly referred to him, and his decisions were entirely reasonable.

Plaintiff has also filed a motion for leave to appeal in forma pauperis (Doc. 16).  Plaintiff, a federal prisoner, is subject to 28 U.S.C. § 1915(g), the three-strikes provision of the federal in forma pauperis statute.  *See Gorbey v. Watts,* Case No. 10-cv-3187, Doc. 3 (D. Kan. Oct. 13, 2010) (finding that Plaintiff has previously been designated a three-strikes litigant and citing *Gorbey v. Federal Bureau of Prisons*, Case No. 10-cv-00309-CEH-GRJ, Doc. 4 (M.D. Fla. July 28, 2010)); *see also Feather-Gorbey v. Warden, FCI Beckley*, 2022 WL 351674, at *4 (S.D. W. Va. Feb. 4, 2022) (collecting cases filed by Plaintiff and dismissed under § 1915(g)).  Accordingly, he may proceed in forma pauperis only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In this action, Plaintiff challenges the action of Bureau of Prison officials rejecting his attempts to file grievances at the regional level and challenges the application of the three-strikes provision to him by this Court.  He also claims that the U.S. Post Office has improperly returned several of his letters to the Bureau of Prisons.  Plaintiff includes in his motion more detailed factual allegations about the subject of his grievances than he has previously provided the Court, stating that he was assaulted by his cellmate, Inmate Riggs, on August 28, 2022, and officials at USP-Thomson have subsequently tried to house Plaintiff and Riggs together again.  Plaintiff alleges that he suffers emotional distress and mental anguish as a result of these attempts.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.,* 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  The "imminent

danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

Because Plaintiff has not shown that he meets the only exception set forth in § 1915(g), the Court denies leave to appeal *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Plaintiff's objection to the order entered by Magistrate Judge O'Hara (Doc. 14) is **overruled**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to appeal in forma pauperis (Doc. 16) is **denied**.

**DATED:  This 15th day of December, 2022, at Kansas City, Kansas.**

**S/  John W. Lungstrum**
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE